## I.   Caption

**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA**

**CARLOS ALBERTO CONVERSO,**

**Plaintiff,**

**v.**

```
FILED BY____ＮＡ____D.C.

FEB 17 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.
```

**United States Citizenship and Immigration Services (USCIS); Joseph B. Edlow, Director of USCIS; Pamela Jo Bondi, United States Attorney General; Kristi Noem, Secretary of the Department of Homeland Security; Jason Reding Quiñones, United States Attorney for the Southern District of Florida; Defendants,**

**Case No.:**

## II.   Nature of the Action

This is an action for judicial review under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, and the Fifth Amendment to the United States Constitution.

Plaintiff challenges USCIS's denial of his Form I-485, Application to Register Permanent Residence or Adjust Status, which rests on an erroneous and unsupported finding of fraud or willful misrepresentation.

Plaintiff also seeks ancillary and interim relief, including restoration of employment authorization under 8 C.F.R. § 274ª.12 (c)(9), which was terminated solely as a result of the unlawful denial.

## III.   Jurisdiction and Venue

This Court has jurisdiction under 28 U.S.C. § 1331 (federal question).

Judicial review is authorized by the APA, which waives sovereign immunity for non-monetary relief.

Venue is proper under 28 U.S.C. § 1391(e) because Plaintiff resides in Broward County, Florida, and Defendants' actions cause ongoing harm in this Division.

## IV.   Parties

The plaintiff, CARLOS ALBERTO CONVERSO, resides at 1406 NW 8th St., Dania Beach, FL 33004. USCIS ALIEN REGISTRATION NUMBER: 219-608-226

The defendant, U.S. Citizenship and Immigration Services (USCIS), is a U.S. government agency responsible for implementing and enforcing immigration laws. USCIS headquarters is located at 5900 Capital Gateway Drive, Camp Springs, MD 20588.

The defendant, Joseph B. Edlow, is the Director of USCIS, responsible for overseeing the agency's administration of immigration applications and petitions. He is being sued in his official capacity. The official address is the Office of the Principal Legal Counsel of USCIS, 5900 Capital Gateway Drive, Mail Stop 2120, Camp Springs, MD 20588-0009.

The defendant, Pamela Jo Bondi, is the U.S. Attorney General, with an official address at the U.S. Department of Justice, 950 Pennsylvania Ave NW, Washington, DC 20530-0001. She is responsible for overseeing the legal enforcement of federal laws. She is being sued in her official capacity.

The defendant, Kristi Noem, is the Secretary of the Department of Homeland Security (DHS), the parent agency of USCIS. She is a defendant in her official capacity. Her official address is the U.S. Department of Homeland Security, c/o Office of the General Counsel, 2707 Martin Luther King Jr. Ave SE, Mail Stop 0485, Washington, DC 20528-0485.

The defendant, Jason Reding Quiñones, is the United States Attorney for the Southern District of Florida and represents the interests of the federal government within this jurisdiction. He is a defendant in his official capacity. His official address is the Office of the United States Attorney, 99 NE 4th Street, Miami, FL 33132-2131.


## V.      Factual Background

**A.** Plaintiff's Longstanding Lawful Immigration History

Plaintiff has traveled to the United States as a visitor since approximately 1990.

Over a period of approximately thirty-five (35) years, Plaintiff has entered and departed the United States approximately sixty (60) times.

On every occasion, Plaintiff entered and departed in full compliance with U.S. immigration laws and the terms of his admission.

Plaintiff has never overstayed, violated status, or engaged in unauthorized employment.

Beginning in or around 1990, Plaintiff held a valid B-1/B-2 visitor visa issued in his Argentine passport, number 108348, which he used lawfully for many years because was the best visa at the time, multiple entries and for indefinitely time.

During the same period, Plaintiff also traveled using his Italian passport, including participation in the Visa Waiver Program.

Plaintiff lawfully used either passport depending on visa validity and purpose of travel, as permitted under U.S. immigration law.

Plaintiff's decades-long pattern of lawful travel demonstrates consistent good-faith compliance with U.S. immigration law.

USCIS failed to consider this extensive favorable history when issuing a permanent fraud finding based on a single alleged error.

**B.** The DS-160 Error

Prior to filing the I-485, Plaintiff completed a DS-160 nonimmigrant visa application outside the United States.

The DS-160 contained an inaccurate response regarding Plaintiff's marital status.

At the time the DS-160 was completed, Plaintiff was not legally married to the mother of his children.

The inaccurate response resulted from confusion and misunderstanding, not from any intent to deceive.

Plaintiff did not willfully misrepresent any fact and did not seek to obtain an immigration benefit through false information.

**C.** Pre-existing ESTA Authorization (Critical Fact)

At the time Plaintiff completed the DS-160, Plaintiff already possessed a valid and approved ESTA (Electronic System for Travel Authorization) associated with his Italian passport.

Plaintiff is a citizen of Italy, a participant in the Visa Waiver Program, and was therefore authorized to travel to the United States without applying for a visa.

This fact is proven by U.S. Customs and Border Protection itself with forms I94/I95, multiple records of travel, which confirm Plaintiff entries and exits from the country over the last 10 years with both passports!

Because Plaintiff already held valid authorization to travel, he had no incentive, motive, or need to misrepresent any information.

The inaccurate marital-status response could not have influenced any immigration determination, as Plaintiff's eligibility to travel had already been approved through ESTA.

As a matter of law, any such error was immaterial, unwilful, and incapable of supporting a finding of fraud or willful misrepresentation under INA § 212(a)(6)(C)(i).

USCIS entirely failed to consider or address Plaintiff's pre-existing ESTA authorization.

**D.** The I-485 Denial

USCIS denied Plaintiff's Form I-485, alleging inadmissibility under INA § 212(a)(6)(C)(i).

The denial letter also cited INA § 212(a)(6)(C)(iii) and referenced INA § 212(i).

USCIS made no factual findings establishing willfulness, intent to deceive, or materiality.

USCIS denied the application without conducting an interview, without issuing a Notice of Intent to Deny (NOID), and without providing Plaintiff an opportunity to respond.

The decision consists of conclusory statements unsupported by evidence or reasoned analysis.

**E.** Administrative Motion

Plaintiff timely filed Form I-290B, seeking both reopening and reconsideration.

The motion detailed USCIS's legal errors, statutory misinterpretations, and procedural violations.

USCIS has failed to correct the unlawful decision.

**F.** Employment Authorization Harm

While the I-485 was pending, Plaintiff lawfully worked under 8 C.F.R. § 274ª.12(c)(9).

As a direct result of the unlawful denial, Plaintiff's employment authorization was terminated.

Plaintiff has been unable to lawfully work for approximately three (3) months.

Plaintiff is the primary financial provider for his spouse and four children.

Two boys, 20 and 18 years old, and two girls, 16 and 10 years old, the last one born in United States. All enrolled in school.

These harms are ongoing, concrete, and directly traceable to Defendants' actions.

## VI.    Legal Framework

A finding under INA § 212(a)(6)(C)(i) requires proof of:

a. a false representation;

b. willfulness;

c. intent to deceive; and

d. materiality.

Innocent mistakes or misunderstandings do not constitute fraud or willful misrepresentation.

INA § 212(a)(6)(C)(iii) does not create an independent ground of inadmissibility.

INA § 212(i) cannot be applied absent a valid inadmissibility finding.

Due process requires notice and a meaningful opportunity to respond.

## VII.    Causes of Action

COUNT I – APA: Contrary to Law.

COUNT II – APA: Arbitrary and Capricious.

COUNT III – APA: Failure to Follow Required Procedures.

COUNT IV – Fifth Amendment Due Process.

COUNT V – Statutory Misinterpretation.

COUNT VI – APA: Unlawful Withholding of Employment Authorization.

## VIII.    Irreparable Harm

Plaintiff continues to suffer irreparable harm, including loss of lawful employment, financial instability, and harm to his U.S. citizen child and family.

## IX.    Prayer for Relief

Plaintiff respectfully requests that the Court:

A. Declare Defendants' actions unlawful;

B. Vacate the denial of Form I-485;

C. Remand for lawful re-adjudication;

D. Order restoration or interim grant of employment authorization (c)(9);

E. Enjoin enforcement of the unlawful fraud finding; and

F. Grant such other relief as the Court deems just and proper.

## X.    Jury Demand

Plaintiff does not demand a jury trial.

## XI.    Signature

Respectfully submitted,

CARLOS ALBERTO CONVERSO

Pro Se Plaintiff

1406 NW 8th ST., DANIA BEACH, FL, 33004

305 244 3559

movil.media1@gmail.com